UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN P. ANDERSON,<br>Petitioner,<br>v.<br>JAMES YATES, Warden,<br>Respondent. | Case No. CV 05-6103 DDP(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R"), respondent's objection to the Report and Recommendation ("Respondent's Objection" or "Resp. Obj."), petitioner's objections to the Report and Recommendation ("Petitioner's Objections" or "Pet. Obj.") (collectively "Objections"), and petitioner's reply to Respondent's Objection. The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court

concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections. Although the Court overrules all of the Objections, it further addresses certain of the Objections below.

**1. Respondent's Objection**

Although respondent does not object to the Report and Recommendation's assessment of the merits of petitioner's claims, respondent does object to the fact that the Magistrate Judge, in the interests of judicial economy, declined to consider respondent's contention that certain of petitioner's claims have been procedurally defaulted. (Resp. Obj. at 2-5). As this Court agrees with the Magistrate Judge's rejection of petitioner's claims on the merits, it overrules Respondent's Objection as moot. This Court, like the Magistrate Judge, concludes that since petitioner's claims are without merit, consideration of the parties' procedural default contentions would not be in the interest of judicial economy.

**2. Petitioner's Objections**

**A. Sufficiency of the Evidence**

Petitioner objects to the Report and Recommendation's rejection of his sufficiency of the evidence claim arguing, *inter alia*, that the Magistrate Judge's analysis incorrectly relied on his assertedly involuntary statements and his trial testimony which was given only because his statements were improperly admitted. (Pet. Obj. at 22-24). Petitioner misapprehends the scope of a sufficiency of the evidence review. Even assuming, as petitioner argues, that his statements to the police were not properly admitted, it would still be appropriate to consider such statements in assessing the sufficiency of the evidence. See McDaniel v. Brown, 130 S. Ct. 665, 672 (2010) ("a reviewing court [on a sufficiency of the evidence claim] must consider all of the evidence admitted by the trial court, regardless whether that evidence was admitted erroneously") (citation and internal quotation marks omitted). Accordingly, irrespective of whether or not petitioner's statements were properly admitted, the Magistrate Judge correctly considered such statements

in resolving petitioner's sufficiency of the evidence claim. In any event, as the Report and Recommendation elsewhere indicates, the evidence in the case, even without petitioner's statements and testimony, was more than sufficient to convict him. (R&R at 36).

Petitioner further objects to the Report and Recommendation's rejection of his sufficiency of the evidence claim to the extent it is predicated upon the assertedly incorrect "fact" that injuries were inflicted upon the victim's head before her death. (Pet. Obj. at 23-24). However, the Report and Recommendation expressly acknowledges petitioner's contention regarding the timing of the injuries to the victim's head and concludes, even accepting petitioner's version, that the evidence was more than sufficient to support an inference that petitioner intended to kill the victim. (R&R at 13 n.19). This Court agrees with the Report and Recommendation.

Finally, petitioner takes issue with the Magistrate Judge's conclusion that the Court need not address the merits of a portion of his sufficiency of the evidence claim – that the state court misplaced the burden of proof in regards to provocation – for procedural reasons (R&R at 10 n.16). (Pet. Obj. at 19-22). Rather than reconstructing the somewhat complicated procedural history relative to the matter, this Court has instead considered the merits of the foregoing claim and concludes that petitioner is not entitled to federal habeas relief based thereon.

Accordingly, Petitioner's Objection's to the Report and Recommendation's analysis of his sufficiency of the evidence claim are overruled and/or do not persuade this Court that petitioner is entitled to federal habeas relief.

///

///

///

///

**B. Admission of Petitioner's Statements**

Petitioner initially asserts that the Magistrate Judge erroneously concluded there was no violation of Miranda[1] in the field and that his pre-Miranda statements statements were properly used against petitioner at trial. (Pet. Obj. at 4). Petitioner mischaracterizes the Report and Recommendation. Contrary to petitioner's contentions, the Report and Recommendation, with one minor exception (R&R at 22 n.25), does not reach the issue of whether petitioner's statements in the field were obtained in violation of Miranda. (R&R at 20-24). Nor was it necessary for the Magistrate Judge to do so in light of the Report and Recommendation's conclusion that the admission of such statements, even if erroneous, was harmless. (R&R at 20-24). This Court agrees.

Petitioner next argues, relying on Oregon v. Elstad, 470 U.S. 298 (1985) and Missouri v. Seibert, 542 U.S. 600 (2004), that the in-field officers' elicitation of his un-Mirandized statements in the field effectively rendered or contributed to rendering his subsequent Miranda waiver and post-Miranda waiver statements involuntary under a "beachhead" theory of inadmissibility. (Pet. Obj. at 5). This Court disagrees. The facts and circumstances here do not suggest that the officers in issue strategically employed a technique of successive interrogation, *i.e.*, initially withholding Miranda warnings until after obtaining a confession and then administering Miranda warnings and re-eliciting the confession.

Petitioner also quarrels with the Magistrate Judge's conclusion that petitioner's requests for phone calls prior to meeting with the interviewing officers, did not constitute unambiguous invocations of his rights to counsel. (Pet. Obj. at 6-8). To the extent petitioner's contentions are based on Haynes v. State of Washington, 373 U.S. 503 (1963), such reliance is misplaced as such case was issued before Miranda and its progeny established that the invocation of the right

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

to counsel must be unambiguous and unequivocal and, in any event, is factually distinguishable as explained in the Report and Recommendation. (R&R at 34 n.35). Petitioner also appears to misread the Report and Recommendation to the extent he suggests that the term "officer in issue" (R&R at 31, lines 4, 11) refers to the interviewing officers as opposed to the officers to whom petitioner allegedly made his requests for phone calls. (Pet. Obj. at 7). As the Report and Recommendation correctly points out, although petitioner testified that his purpose in asking for the phone calls was to contact his wife and to ask his wife to pursue obtaining counsel for him, he did *not* testify that such purpose was conveyed to the officers to whom the requests were made, let alone any other law enforcement officer. (R&R at 31).

Petitioner next argues that the Report and Recommendation erroneously concludes that he did not unambiguously invoke his right to counsel at the beginning of the interview. (Pet. Obj. at 8-11). Even accepting petitioner's assertion that he, rather than one of the interviewing officers made the statement "We have to do this later[,]" the Court agrees with the Magistrate Judge's conclusion that petitioner did not unambiguously invoke his right to counsel. (R&R at 24-33).

Petitioner further appears to argue that the Report and Recommendation incorrectly concludes, based on Davis v. United States, 512 U.S. 452 (1994), that the interviewing officers could ask clarifying questions to assess whether petitioner was invoking his right to counsel. (Pet. Obj. at 10-11) (citing United States v. Rodriguez, 518 F.3d 1072 (9th Cir. 2005)). While petitioner is correct that Davis is limited to post-waiver invocations of the right to counsel, the Ninth Circuit has nonetheless rejected a habeas petitioner's challenge to the admission of post-arrest statements made after officers attempted to clarify whether (as here), an ambiguous pre-waiver statement was intended to constitute an invocation of the right to counsel, noting the absence of clearly established Supreme Court authority

addressing the issue. See Sessom v. Runnels, 650 F.3d 1276, 1283-89 & n.10 (9th Cir. 2011) (even though Davis's reach explicitly limited to statements made post-waiver, and thus could not constitute "clearly established Federal law" for purposes of assessing whether invocation of right to counsel unambiguous, given absence of Supreme Court precedent affording legal test for distinguishing equivocal from unequivocal pre-waiver statements or directly addressing the effect of an ambiguous pre-waiver statement, state court determination that habeas petitioner did not unambiguously invoke his right to counsel, was not contrary to clearly established federal law; noting that interviewing agents who, when unsure if petitioner was asking for a lawyer, asked clarifying question re same); see also Williams v. Horel, 341 Fed. Appx. 333, 335 (9th Cir. 2009) (California Court of Appeal's determination that officers could ask clarifying questions in face of ambiguous pre-waiver statement regarding lawyer not unreasonable application of any Supreme Court precedent – "The Supreme Court has not addressed . . . what action interrogators must take when a suspect makes an ambiguous statement regarding counsel before a valid waiver of the right to counsel."), cert. denied, 130 S. Ct. 1071 (2010). Petitioner here is likewise not entitled to federal habeas relief.

Petitioner next argues that the Magistrate Judge erroneously concluded that his Miranda waiver was knowing, intelligent and voluntary. This Court, based upon a consideration of the totality of the circumstances, including the facts referenced by petitioner in Petitioner's Objections, agrees with the Magistrate Judge's conclusion that petitioner's Miranda waiver was knowing, intelligent and voluntary and further agrees that petitioner's statements to the interviewing officers were voluntary.

Finally, in any event, this Court likewise agrees with the Magistrate Judge's conclusion that the admission of petitioner's statements to the police, even if erroneous, did not have a substantial and injurious effect in light of the enormous weight of the evidence separate and apart from such statements and petitioner's

testimony. As the Report and Recommendation details (R&R at 22-24, 36), such other evidence established that petitioner was essentially caught red-handed at the scene of the crime, that he impregnated the victim during an extra-marital affair, strangled her, and tried to conceal his crime by pouring gasoline over her and causing her car to go over a cliff.

**C. Petitioner's Remaining Objections**

Although petitioner concedes that he is not entitled to relief on his ineffective assistance of counsel claims (Pet. Obj. at 34), he does object to the Report and Recommendation's analysis of his other remaining claims, essentially rearguing the merits of such claims. (Pet. Obj at 15-19, 24-36). This Court agrees with the analysis of the Report and Recommendation and overrules petitioner's remaining objections.

* * *

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _June 11, 2012_

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE